APPEALS OF KIDDY SHOE SERVICE, INC., HARRY EBY SHOE CO., INC., AND EBY SHOE CO., INC.

Docket Nos. 1560, 4906.   Decided October 29, 1926.

The petitioners were not affiliated during the years 1919, 1920 and 1921.

*Theodore B. Benson, Esq.*, for the petitioners.
*Percy S. Crewe, Esq.*, for the Commissioner.

### FINDINGS OF FACT.

The petitioners are Pennsylvania corporations, the Kiddy Shoe Service, Inc., and the Eby Shoe Co., Inc., being located at Lititz, and the Harry Eby Co., Inc., at Ephrata.   The Eby Shoe Co., Inc., and the Harry Eby Shoe Co., Inc., were engaged in the manufacture of children's shoes, and the Kiddy Shoe Service, Inc., in the distribution of shoes.   The holdings of voting stock were as follows:

|  | Eby Co. | | | Kiddy Shoe Service, Inc. | | | Harry Eby Co. | | |
|---|---|---|---|---|---|---|---|---|---|
|  | 1919 | 1920 | 1921 | 1919 | 1920 | 1921 | 1919 | 1920 | 1921 |
| Harry E. Eby | 57 | 114 | 114 | 170 | 170 | 255 | 252 | 252 | 507 |
| M. S. Eby |  |  |  | 170 | 170 | 255 | 41 | 41 | 82 |
| Frank E. Eby | 57 | 114 | 114 | 20 | 20 | 30 | 16 | 16 | 32 |
| Elia Eby |  |  |  | 20 | 20 | 30 |  |  |  |
| E. N. Eby | 66 | 132 | 132 | 40 | 40 | 60 |  |  |  |
| Elmer Eby | 32 | 64 | 64 |  |  |  |  |  |  |
| Elizabeth Miller Eby | 10 | 10 | 20 |  |  |  | 2 | 2 | 6 |
| John M. Miller | 47 | 94 | 94 | 50 | 50 | 50 | 16 | 16 | 32 |
| N. B. Leaman | 37 | 81 | 81 |  |  |  |  |  |  |
| Elam H. Risser | 92 | 164 | 164 | 100 | 100 | 100 | 16 | 16 | 32 |
| A. N. Wolf | 72 | 124 | 124 |  |  |  | 8 | 8 | 8 |
| Norman Badorf |  |  |  | 170 | 170 | 225 | 13 | 13 | 29 |
| John S. Badorf |  |  |  | 60 | 60 | 80 |  |  |  |
| Paul M. Badorf |  |  |  | 100 | 100 | 110 |  |  |  |
| S. Milo Herr |  |  |  | 40 | 40 | 120 | 108 | 108 | 216 |
| Elmer M. Badorf |  |  |  | 50 | 50 | 105 | 12 | 12 | 24 |
| Elizabeth Holtzhouse |  |  |  | 5 | 5 | 10 |  |  |  |
| H. E. Holtzhouse |  |  |  | 5 | 5 | 5 |  |  |  |
| Total | 470 | 897 | 907 | 1,000 | 1,000 | 1,435 | 484 | 484 | 968 |

The officers and directors of the three corporations for the taxable years were as follows:

| | Eby Co. | Harry Eby Co. | Kiddy Shoe Service, Inc. |
|---|---|---|---|
| President | Harry E. Eby | Harry E. Eby | Harry E. Eby. |
| Vice president | Elmer Eby | Elam H. Risser | M. S. Eby. |
| Treasurer | Frank Eby | S. Milo Herr | Norman Badorf. |
| Secretary | John Miller | Norman Badorf | Paul M. Badorf. |
| Directors (in addition to officers) | Elia Eby | M. S. Eby | Elmer Badorf. |
| Do | E. N. Eby | Frank Eby | |
| Do | A. N. Wolf | John M. Miller | |
| Do | B. B. Leaman | | |
| Do | N. B. Leaman | | |
| Do | Elam H. Risser | | |

Harry E. Eby, Frank E. Eby, Elia Eby and Elmer Eby are brothers, and E. N. Eby is their father, and M. S. Eby is their first cousin. Elizabeth Miller Eby is the wife of Harry E. Eby and a sister of John Miller. John Miller married a sister of the Eby brothers. Norman Badorf, Paul M. Badorf and Elmer Badorf are brothers, and John S. Badorf is their father. The Badorf brothers are first cousins to John M. Miller and Mrs. Harry E. Eby. Elam H. Risser is a brother-in-law of the Eby brothers. N. B. Leaman is the son of B. B. Leaman and married Elam H. Risser's sister. Elizabeth Holtzhouse was secretary to Harry E. Eby, and H. E. Holtzhouse is her father.

Harry E. Eby was actively engaged as president of all three companies. M. S. Eby was employed as a salesman by the Eby Co. and the Harry Eby Co. jointly. Frank E. Eby was employed by the Eby Co. and had charge of one of the manufacturing departments. Elia Eby was in the employ of the Eby Co. as foreman of one of the departments. Elmer Eby was employed by the Eby Co. as an accountant. Norman Badorf was manager of the Kiddy Shoe Service, Inc. Elmer Badorf was superintendent of the Harry Eby factory. Paul Badorf was employed by all three of the companies as a salesman. Elam H. Risser was manager and superintendent of the Eby Co. S. Milo Herr was employed by the Harry Eby Co. as manager.

Under date of March 6, 1917, the stockholders of the Eby Co. passed a resolution wherein they agreed individually to charge their estates to sell their common stock to the company at book value. This resolution was in effect during the years in question. Under date of January 8, 1917, Harry E. Eby and S. Milo Herr each entered into agreements with the Harry Eby Co. that, in the event of their death, their stockholdings would be sold to the company at the book value thereof. These agreements were also in effect during the years in question.

There has never been a minority stockholder who did not acquiesce in the management of the companies. At times stockholders have

given proxies to the secretaries of the respective companies to vote their stock.

Approximately 50 per cent of the output of the Eby Shoe Co. and the Harry Eby Shoe Co. was disposed of through the Kiddy Shoe Service, Inc. The shoes were sold to the Service Company at the same price and on the same terms as to other jobbers.

OPINION.

MORRIS: Section 240 of the Revenue Acts of 1918 and 1921 provides that two or more domestic corporations shall be deemed to be affiliated if substantially all their stock is owned or controlled by the same interests. Applying the ownership test to the facts in these appeals, it appears that stockholders of the Eby Shoe Co. owned 380 shares of the voting stock of the Kiddy Shoe Service, Inc., of a total of 1,000 outstanding during the years 1919 and 1920, or 38 per cent, and 495 shares during the year 1921 of a total outstanding of 1,435, or approximately 34 per cent; that stockholders of that company owned 310 shares of the Harry Eby Shoe Co. during the years 1919 and 1920 of a total outstanding of 484 shares, or approximately 64 per cent, and 617 shares during the year 1921 of a total outstanding of 968 shares, or approximately 63 per cent. It further appears that, although stockholders of the Kiddy Shoe Service, Inc., owned, during the years 1919 and 1920, 474 shares of the voting stock of the Harry Eby Shoe Co. of a total of 484 shares outstanding, and 954 shares during the year 1921 of a total outstanding of 968 shares, stockholders of the Kiddy Shoe Service, Inc., owning 230 shares during the years 1919 and 1920 of a total of 1,000 outstanding, or 23 per cent, and 295 shares during 1921 of a total of 1,435 shares outstanding, or approximately 21 per cent, owned no stock at all in the Harry Eby Shoe Co. It is therefore apparent that substantially all the stock of these three corporations was not owned by the same stockholders.

The petitioners contend that persons closely related by blood or marriage, or closely associated by employment or in business, constitute the same interests. The mere fact of family and business relationship standing alone is insufficient to constitute control or to warrant a holding that persons standing in such relationship constitute the same interest with the majority. *Appeal of Goldstein Bros. Amusement Co.*, 3 B. T. A. 408. Beyond this relationship the evidence affords us very little upon which to base an ownership or control of substantially all the stock by the same interests. Under date of March 6, 1917, the stockholders of the Eby Shoe Co. passed a resolution wherein they agreed individually to charge their estates to sell their holdings of common stock to the company at book value,

and under date of January 8, 1917, Harry E. Eby and Herr agreed with the Harry Eby Shoe Co. that, in the event of their death, their stockholdings would be sold to the company at the book value thereof, but these facts do not establish any control of the stock of the companies by the same interests. There was no evidence of an arbitrary shifting of profits or the operation of the companies as one business. Approximately 50 per cent of the output of the Eby Shoe Co. and the Harry Eby Shoe Co. was disposed of through the Kiddy Shoe Service, Inc. The shoes were sold to the Service Company, however, at the same price and on the same terms as to other jobbers. We are of the opinion that, on the evidence presented, substantially all the stock of the three companies was not owned or controlled by the same interests.

*Judgment will be entered for the Commissioner.*